## KENTUCKY CENTRAL LIFE & ACCIDENT INS CO v SCOTT

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10329. Decided November 18, 1929

Mr. Perry A. Frey, Cleveland, for Insurance Company.

Mr. Robert H. Kaplan, Cleveland, for Scott.

VICKERY, PJ.

It is claimed that Scott was not entitled to recover because he was over 50 years of age and that the policy became null and void at the age of 50. It is sought to contradict the testimony of Scott in that he mentioned his age at several different times and each time his age was different. One time I believe he said he was 45, another time 46, and another time 50 or more. It is also sought to contradict him because he said his wife, Nancy, was dead and buried in a certain cemetery, and, upon investigation, no Nancy Scott could be found buried in that cemetery and then another woman named Nancy Scott, purporting to be his wife, appeared in court and testified that she was his wife. These contradictory statements are urged as showing that the testimony of Scott was not very reliable.

He did not seem to have a very close alliance with the truth in all cases. Many colored persons, for this man Scott was a colored man, are uneducated and do not have any clear notion of their own age, and it is perfectly proper to comment upon these discrepancies, but it is not very material after all. The age given in the application was 49, and the statutes of Ohio require that a copy of the application be returned to the applicant for insurance, and in case that is not done, the company cannot avail itself of any evidence to contradict the statements in the application; and in this case the insurance company did not furnish a copy of the application after it had been given to the insurance agent.

It was claimed in this case likewise, that a release had been made by Scott in which he got something over $16.00 and released any and all claims he might have and at that time, it is claimed, he returned the policy; and this was a complete defense, it was claimed, to any action that might be brought by Scott on the policy.

It must be remembered that Scott is a very ignorant man, can neither read nor write, not even his own name, and this so-called release was purported to be signed by his mark which he denied, although it was witnessed by one or two of the men connected with the insurance company.

All this matter was before the jury and they had an opportunity to see this man Scott, and the other witnesses in the case, and to judge whether he was telling the **truth with respect to this** release. Apparently he was entitled to the insurance, unless the policy had been forfeited or unless he had released the company from liability, and those were the issues of fact that were to be tried to the jury, and the

jury having heard all the testimony and having seen the parties, were better able to weigh the testimony and to give or refuse it credence than are we; and they under proper instructions, saw fit, as it appears, to decide in favor of the claimant Scott; and we cannot say that the verdict and judgment are so contrary to the weight of the evidence that we would be justified in reversing it.

The judgment will therefore be affirmed.

Levine and Sullivan, JJ., concur.